# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHIGAN RESTAURANT &
LODGING ASSOCIATION; HEIRLOOM
HOSPITALITY GROUP, LLC; H.I.H.
INC. d/b/a SUBURBAN INNS,

                Plaintiffs,

   vs.

ROBERT GORDON, in his official
capacity as Director of the Michigan
Department of Health and Human Services,

                Defendant.

_____

Case No. 1:20-cv-01104-PLM-PJG

Hon. Paul L. Maloney

**PLAINTIFFS' REPLY TO
DEFENDANT'S SUPPPLEMENTAL
RESPONSE TO PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION**

*Attorneys for Plaintiffs*
Kenneth T. Brooks (P33834)
Peter B. Ruddell (P63253)
Kelli M. Mulder (P84441)
Honigman LLP
222 N. Washington Sq., Suite 400
Lansing, MI  48933
(517) 377-0735; kbrooks@honigman.com
(517) 377-0711; pruddell@honigman.com
(312) 701-9326; kmulder@honigman.com

*Attorneys for Defendant*
Neil Giovanatti (P82305)
Darrin F. Fowler (P53464)
Michigan Dept of Attorney General
P.O. Box 30736
Lansing, MI 48909
517-335-7632
GiovanattiN@michigan.gov
FowlerD1@michigan.gov

# I.     INTRODUCTION

In response to the Court's invitation at oral argument, Plaintiffs have reviewed and considered the State's Motion for Summary Disposition in *Semlow Peak Performance Chiropractic v. Whitmer*, No. 20-206-MZ (Mich. Ct. Claims).  Plaintiffs maintain their position that *Semlow* provides no reason to abstain in this action.  The State's brief in support of its motion confirms Plaintiffs' understanding that the constitutionality of MCL 333.2253 is not at issue in *Semlow*.  For this reason and the additional reasons set forth below, the Court should resolve Plaintiffs' serious federal claims – which do not rise and fall with the constitutionality of the state statute – and which require vindication.

# II.     ARGUMENT

## A.     Plaintiffs' State Law Constitutional Claim is Not at Issue in *Semlow*

Count V of Plaintiffs' First Amended Complaint alleges that MCL 333.2253 violates the separation-of-powers and non-delegation clauses of the Michigan Constitution.  The State has argued that this Court should abstain from deciding that claim – and *any* of Plaintiffs' federal constitutional claims – in part because a ruling by this Court "may be displaced tomorrow by a state adjudication."  Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. at 17 (quoting *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 499–500 (1941)).  In this regard, the State noted that "a challenge to Director Gordon's orders currently is pending in Michigan's courts."  *Id.* at 17–18.  However, while it is true that *Semlow* is pending in state court, that case contains an entirely separate and distinct statutory challenge to Director Gordon's orders.  Adjudication of that distinct issue would not – and could not – "displace tomorrow" this Court's decision on Plaintiffs' claims.

The *Semlow* plaintiffs argue that MCL 333.2253 does not give Director Gordon authority to require that face masks be worn at their chiropractic services clinic.  They do not argue, as

Plaintiffs do here, that MCL 333.2253 is itself unconstitutional under the Michigan Constitution. The State conceded this much at oral argument, but suggested that *Semlow* nonetheless counsels in favor of abstention because the issues are related.  But whether MCL 333.2253 authorizes the Director to require chiropractors to wear face masks is at best tangentially related to the constitutional issues present here.[1]  The state court's decision is unlikely to shed any light whatsoever on whether the statute is constitutional or whether the Director has authority under the statute to shut down large portions of Michigan's economy.

Further, if the State prevails on its motion in *Semlow*, that case will not actually answer any substantive questions at all.  Ironically, while the State urges this Court to abstain from deciding *any* of Plaintiffs' claims because the constitutionality of the statute will be decided (or at least substantially clarified) in *Semlow*, the State has at the same time filed a motion seeking summary disposition in *Semlow*, urging the state court *not to render a decision on the merits* and instead dismiss the case, for lack of standing or other pleading defects.  In other words, the State in *Semlow* is working to make sure the merits are never reached.  But even if the *Semlow* plaintiffs overcome the State's efforts and the state court eventually considers the merits, a decision down the road about whether the Director may require face masks in chiropractor's

---

[1] Notably (and in connection with the Court's request for data), Footnote 18 of the State's motion for summary disposition in *Semlow* does address a tangentially related issue, as the State explains why it drew the line in the November 15 Order between permitting grades K-8 to gather but prohibiting grades 9-12 to gather at schools.  We observe that the State's rationale lacks any rational basis (*see, e.g.*, November 25, 2020 data, submitted by the State on November 30, 2020 (ECF 29) showing a large number of outbreaks at schools even though schools have been closed for in-person instruction for grades 9-12 since November 18.  Obviously the latest data shows a large number of outbreaks at K-12 schools, which *are actually at the only open schools – K-8 schools*.  It is curious how the State made this call in the first place as the data does not differentiate but only reports for K-12 schools.  Plaintiffs also note that by far the largest source of outbreaks is long-term care facilities.  The next cause of outbreaks is schools (in this case only K-8 schools are open), and after that manufacturing and construction, which are both open.

offices will not give any guidance on the merits of Plaintiffs' claims here.  Ultimately, the *Semlow* plaintiffs can't vindicate any rights or obtain any relief for Plaintiffs here.

### B. The Court Should Resolve Plaintiffs' Federal Constitutional Claims, Which Persist Regardless of the Constitutionality of MCL 333.2253

Even if the Court decides to abstain over Plaintiffs' state law claim, there is no reason to abstain over Plaintiffs' federal claims.  The federal forum is available to Plaintiffs in part because of the need to vindicate federal rights and hold state officials responsible to "the supreme authority of the United States."  *See Ex Parte Young*, 209 U.S. 123, 160 (1908).  And federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 15 (1983)

Importantly, "[a]bstention is a judge-made doctrine . . . that permits avoidance of decision only in narrowly limited special circumstances, justifying the delay and expense to which application of the abstention doctrine inevitably gives rise. The paradigm of the special circumstances that make abstention appropriate is a case where the challenged state statute is susceptible of a construction by the state judiciary that would avoid or modify the necessity of reaching a federal constitutional question."  *Kusper v. Pontikes*, 414 U.S. 51, 54, 94 S.Ct. 303, 306, 38 L.Ed.2d 260 (1973) (cleaned up).

Here, "the delay and expense" from declining to address Plaintiffs' federal claims would be enormous.  Plaintiffs' irreparable harm is intensifying by the day and many, many of Plaintiffs' businesses and livelihoods won't survive the wait for a separate state-court litigation – even if such a litigation were currently ongoing.  And that cost can't be justified on abstention grounds because there's no construction of the state statute that would "avoid or modify the necessity of reaching a federal constitutional question."  Even if the Director's Order is valid under state law, it would still violate federal law; and even if the Director's Order is invalid

under state law, it would still violate federal law.  In other words, a decision that the Director's Order was invalid under state law would *not* avoid the question of whether the Director's state-unconstitutional Order also violated Plaintiff's federal rights.  Instead, it would only strengthen Plaintiffs' federal claims.

Ultimately, regardless of the constitutionality of MCL 333.2253, the November 15 Order is continuing to violate Plaintiffs' federal constitutional rights.  This Court has a virtually unflagging obligation to hear, consider, and resolve Plaintiffs' federal claims.  A state court decision on MCL 333.2253 sometime in the distant future will not resolve Plaintiffs' federal constitutional claims and in the meantime the continuing irreparable harm done to Plaintiffs' livelihoods and lives is immeasurable.

Respectfully submitted,

Dated: December 1, 2020

 /s/ *Kenneth T. Brooks*
Kenneth T. Brooks (P33834)
Peter B. Ruddell (P63253)
Kelli M. Mulder (P84441)
Honigman LLP
Attorneys for Plaintiffs

4

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of W.D. Mich. LCivR 7.2(c) because this brief contains 1,173 words, excluding the parts of the brief exempted by W.D. Mich. LCivR 7.2(c).

2.      This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 for Windows in 12-point Times New Roman font.

Respectfully submitted,

Dated: December 1, 2020                  _/s/ Kenneth T. Brooks_____
                                         Kenneth T. Brooks (P33834)
                                         Peter B. Ruddell (P63253)
                                         Kelli M. Mulder (P84441)
                                         Honigman LLP
                                         Attorneys for Plaintiffs
                                         222 Washington Sq., Suite 400
                                         Lansing, MI  48933
                                         (517) 377-0735; kbrooks@honigman.com

## PROOF OF SERVICE

I hereby certify that on December 1, 2020, I filed the above Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record in this matter who registered with the ECF system.

_/s/ Kenneth T. Brooks_____